**Brenda J. NASSER, Plaintiff–Appellant,**

v.

**AT & T CORPORATION,**
Defendant–Appellee.

**No. 07–15845.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Jan. 12, 2009.

Michelle R. Ferber, Stuart I. Goldware, Frankel & Goldware LLP, San Ramon, CA, for Plaintiff–Appellant.

Katherine C Huibonhoa, Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Defendant–Appellee.

Before HALL, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Brenda Nasser appeals the district court's grant of summary judgment in fa-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vor of AT & T Corporation ("AT & T") on her sexual harassment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Under the California Fair Employment and Housing Act (FEHA), *see* Cal. Gov't Code § 12940(j)(1), as with Title VII, to establish a sexual harassment claim based on hostile work environment, the employee must show the "workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment....'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal citations omitted). The environment must be both subjectively and objectively hostile. *Id.* For an isolated incident to alter the terms and conditions of employment, it must be "extremely serious." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

Nasser points to a single incident—a skit performed at a meeting with a large audience, in which Nasser was portrayed—to support her claim. Though we agree that the skit was distasteful, we cannot say after considering the totality of the circumstances that it was sufficiently severe so as to create an abusive working environment.

**AFFIRMED.**

THOMAS, Circuit Judge, dissenting:

Because I believe the single incident at issue in this case was sufficiently severe to create an abusive working environment, I respectfully dissent.

I recognize that a single incident of workplace harassment must be "extremely serious" to constitute sexual harassment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Here, as in *Howley v. Town of Stratford*, 217 F.3d 141 (2d Cir.2000), the harasser explicitly linked the employee's work status with her physical attributes behavior and delivered the offending comment before a group of the target's co-workers, some of whom were her subordinates.

AT & T failed to adequately correct the offender's behavior. Under California's Fair Employment and Housing Act, "[h]arassment of an employee ... by an employee ... shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Cal. Gov't Code § 12940(j)(1). AT & T never formally disciplined the offending employee. In addition, questions of fact exist on whether the "diversity training" offered by AT & T adequately addressed the topic of sexual harassment.

In context, the skit was sufficiently serious to create a triable issue of fact. Therefore, I would reverse the district court's grant of summary judgment.